IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and JEANNE G. LYON,

      Plaintiffs,

vs.                                        No. CIV 05-0548 MCA/WDS

ABE TAPIA, SR., as Trustee under the
El Picacho Revocable Living Trust Agreement
Dated September 28, 1998,

      Defendant.

## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs, Gary and Jeanne Lyon, through their undersigned counsel and pursuant to this Court's Orders, hereby submit the following proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      Plaintiffs, Gary J. Lyon and Jeanne G. Lyon are non-residents of the State of New Mexico. Defendant, Abe Tapia, as Trustee under the El Picacho Revocable Living Trust Agreement ("Defendant Abe Tapia"), is a resident of the State of New Mexico.

2.      Gary J. Lyon and Jeanne G. Lyon were plaintiffs in a proceeding before this Court in Cause No. CIV-92-0434-JP in which Antonio Tapia and Emma Tapia were the defendants[1] in which the Honorable James Parker determined that Antonio Tapia and Emma Tapia were the owners of a tract of approximately 38.24 acres adjacent to the east boundary of a tract of approximately 49.5 acres which was determined to be owned by Gary and Jeanne Lyon.

---

[1] Antonio Tapia died after the settlement conference, but before entry of Judgment.

3. Pursuant to a Stipulation subsequently entered into between Lyon and the Tapias and filed on August 19, 1994, a sixty (60) foot access easement to the Lyon property was recognized along the eastern and northern boundaries of Tapias tract. (Plaintiffs' Exhibit No. 1).

4. The Judgment entered October 16, 1994 in U.S.D.C. Cause No. CIV-92-0434-JP ("Judgment") established the boundaries of both the Lyon tract and the Tapia tract based upon a "Plat of Survey for Judicial Division" prepared by Douglas J. McFaul, dated June 15, 1994, and granted the Lyons a sixty (60) foot access easement along the eastern and northern boundaries of the property awarded to the Tapias. (Plaintiffs' Exhibit Nos. 2 and 3).

5. The beginning point established by the McFaul survey for both the Lyon tract and the Tapia tract was accepted by Judge Parker as S 71°32'54" W 799.83 feet from a USGLO marked stone on the one mile witness corner on the west boundary of the Los Trigos Grant. (Plaintiffs' Exhibits Nos. 2 and 3).

6. The beginning point established by Judge Parker is reasonable and should be recognized as the beginning point for the purpose of establishing the course and distance of the common line between the Lyon tract and the Tapia tract. (Plaintiffs' Exhibits Nos. 2 – 5; Testimony of Gary Lyon and Douglas J. McFaul).

7. The Judgment did not provide certainty with respect to the ultimate location of the Tapia tract's western boundary, stating only that such boundary "will be adjusted so that the Defendant (Emma Tapia) will receive exactly forty (40) acres net in land" and "granted the Plaintiffs a sixty (60) foot right of way along the eastern and northern boundaries of that property awarded by the Court to the Defendant." (Plaintiffs' Exhibit 2).

8. The Judgment contemplated future action by the Court to establish or confirm the boundary. (Plaintiffs' Exhibit No. 2).

9. Emma Tapia conveyed the 40-acre tract of land to Defendant Abe Tapia, Sr. as Trustee on September 29, 1998.

10. In 1998, Gary and Jeanne Lyon purchased the Herrera tract adjacent to the south boundary of the Tapia tract which will facilitate access to their 49.51 acre tract and their remaining property and obviate the need for them to use the sixty (60) foot access easement across the Tapia tract. (Testimony of Gary Lyon).

11. Gary and Jeanne Lyon are willing to abandon and vacate their right to the sixty (60) foot access easement across the Tapia tract. (Testimony of Gary Lyon).

12. Abe Tapia is entitled to a forty (40) acre tract unencumbered by the sixty (60) foot access easement as ordered in the Judgment. (Plaintiffs' Exhibit No. 2).

13. The boundary proposed by Plaintiffs is reasonable, and provides Defendant Abe Tapia with exactly forty (40) acres in land net of the sixty (60) foot right of way along the eastern and northern boundaries of the Tapia tract in favor of Plaintiffs. Accordingly, the legal description of the Tapia tract should be established as follows:

> A tract of land within the Los Trigos Grant, projected Sections 28 and 29, Township 15 N, Range 12 E NMPM near the village of Rowe, San Miguel, New Mexico, more particularly described as follows:
>
> Beginning at the Southwest corner of this Tract from which a USGLO marked stone (the one-mile witness corner on the west boundary of the Los Trigos Grant) bears South 73°43'45" West 812.01 feet to a point; thence South 39°01'00" East 33 feet to said one-mile witness corner; thence from said point of beginning North 18°34'16" West 1450.08 feet to a capped one-half rebar set in the Northwest corner of the Tract; thence South 86°50'55" East 348.53 feet to a marked stone; thence following a fence line North 88°46'45" East 1363.25 feet to the Northeast corner marked by a one-half inch iron pipe; thence South 11°56'05" East 981.84 feet to the Southeast corner marked by a marked stone; thence South following an existing fence 73°43'45" West 1512.75 feet to the point and place of beginning, containing 43.63 acres more or less,

Subject, however, to a sixty (60) foot access easement parallel and adjacent to the East and Northern boundaries of said Tract in favor of Gary J. Lyon and Jeanne G. Lyon and their heirs, successors and assigns.

(Plaintiffs' Exhibits 1-5; Testimony of Gary Lyon and Douglas J. McFaul).

    14.    In the alternative, the boundaries as established by the Judgment and disregarding the Stipulation are reasonable. Accordingly, the legal description for the Tapia tract should be established as follows:

> A tract of land lying and being situate within the Los Trigos Grant projected Sections 28 and 29, Township 15 North, Range 12 East, NMPM near the village of Rowe, San Miguel County, New Mexico and being more particularly described as follows:
>
> Beginning at the southwest corner of this tract, from which a USGLO marked stone (the 1 mile witness corner on the west boundary of the Los Trigos Grant) bears S71° 32' 54"W, 799.83 feet;
> Thence from said point of beginning N04° 48' 01"W, 1360.018 feet;
> Thence N88° 46' 45" E, 1363.25 feet; Thence S11° 56' 05"E, 981.84 feet;
> Thence S73° 43' 45"W, 1512.75 feet to the point of beginning containing 38.24 acres, more or less.
> All as shown on a plat of survey by Douglas McFaul dated 8/15/94 and titled "PLAT OF SURVEY FOR JUDICIAL DIVISION" for Federal District Court, Case CIV 92-0434-JP.

The legal description for the property awarded to Plaintiffs under the Judgment should be established as follows:

> A tract of land lying and being situate within the Los Trigos Grant, projected Sections 28 and 29, Township 15 North, Range 12 East, NMPM, near the village of Rowe, San Miguel County, New Mexico and being more particularly described as follows:
>
> Beginning at the southeast corner of this tract, from which a USGLO marked stone (the 1 mile witness corner on the west boundary of the Los Trigos Grant) bears S71° 32' 54W, 799.83 feet;
> Thence from said point of beginning S73° 43' 45"W, 812.01 feet; Thence N38° 57' 43"W, 2105.37 feet; Thence S89° 34' 16"E, 1164.59 feet; Thence S86° 50' 55"E, 826.22 feet; Thence S04° 48' 01"W, 1360.018 feet to the point of beginning containing 49.51 acres, more or less. All as shown on a plat of survey by Douglas McFaul dated 8/15/94 and titled "PLAT OF SURVEY FOR JUDICIAL DIVISION" for Federal District Court, Case CIV 92-0434-JP.

(Plaintiffs' Exhibit Nos. 2 and 3; Testimony of Gary Lyon and Douglas J. McFaul).

## CONCLUSIONS OF LAW

1. The exercise of this Court's discretion to hear this matter and declare the rights of the parties pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201 is appropriate.

2. This Court has discretion to establish the western boundary of the Tapia tract by either construing the terms of the Judgment, or through the exercise of its own discretion under the terms of the Judgment.

3. The Judgment contemplated future action by the Court to establish or confirm the boundary between the Lyon tract and the Tapia tract.

4. The boundary proposed by Plaintiffs is reasonable, and provides Defendant Abe Tapia with exactly forty (40) acres in land net of the sixty (60) foot right of way along the eastern and northern boundaries of the Tapia tract in favor of Plaintiffs. Accordingly, the legal description of the Tapia tract should be established as follows:

> A tract of land within the Los Trigos Grant, projected Sections 28 and 29, Township 15 N, Range 12 E NMPM near the village of Rowe, San Miguel, New Mexico, more particularly described as follows:
>
> Beginning at the Southwest corner of this Tract from which a USGLO marked stone (the one-mile witness corner on the west boundary of the Los Trigos Grant) bears South 73°43'45" West 812.01 feet to a point; thence South 39°01'00" East 33 feet to said one-mile witness corner; thence from said point of beginning North 18°34'16" West 1450.08 feet to a capped one-half rebar set in the Northwest corner of the Tract; thence South 86°50'55" East 348.53 feet to a marked stone; thence following a fence line North 88°46'45" East 1363.25 feet to the Northeast corner marked by a one-half inch iron pipe; thence South 11°56'05" East 981.84 feet to the Southeast corner marked by a marked stone; thence South following an existing fence 73°43'45" West 1512.75 feet to the point and place of beginning, containing 43.63 acres more or less,

Subject, however, to a sixty (60) foot access easement parallel and adjacent to the East and Northern boundaries of said tract in favor of Gary J. Lyon and Jeanne G. Lyon and their heirs, successors and assigns.

15. In the alternative, the boundaries as established by the Judgment and disregarding the Stipulation are reasonable. Accordingly, the legal description for the Tapia tract should be established as follows:

> A tract of land lying and being situate within the Los Trigos Grant projected Sections 28 and 29, Township 15 North, Range 12 East, NMPM near the village of Rowe, San Miguel County, New Mexico and being more particularly described as follows:
>
> Beginning at the southwest corner of this tract, from which a USGLO marked stone (the 1 mile witness corner on the west boundary of the Los Trigos Grant) bears S71° 32' 54"W, 799.83 feet;
> Thence from said point of beginning N04° 48' 01"W, 1360.018 feet;
> Thence N88° 46' 45" E, 1363.25 feet; Thence S11° 56' 05"E, 981.84 feet;
> Thence S73° 43' 45"W, 1512.75 feet to the point of beginning containing 38.24 acres, more or less.
> All as shown on a plat of survey by Douglas McFaul dated 8/15/94 and titled "PLAT OF SURVEY FOR JUDICIAL DIVISION" for Federal District Court, Case CIV 92-0434-JP.

The legal description for the property awarded to Plaintiffs under the Judgment should be established as follows:

> A tract of land lying and being situate within the Los Trigos Grant, projected Sections 28 and 29, Township 15 North, Range 12 East, NMPM, near the village of Rowe, San Miguel County, New Mexico and being more particularly described as follows:
>
> Beginning at the southeast corner of this tract, from which a USGLO marked stone (the 1 mile witness corner on the west boundary of the Los Trigos Grant) bears S71° 32' 54W, 799.83 feet;
> Thence from said point of beginning S73° 43' 45"W, 812.01 feet; Thence N38° 57' 43"W, 2105.37 feet; Thence S89° 34' 16"E, 1164.59 feet; Thence S86° 50' 55"E, 826.22 feet; Thence S04° 48' 01"W, 1360.018 feet to the point of beginning containing 49.51 acres, more or less. All as shown on a plat of survey by Douglas McFaul dated 8/15/94 and titled "PLAT OF SURVEY FOR JUDICIAL DIVISION" for Federal District Court, Case CIV 92-0434-JP.

5. Plaintiffs should be awarded their costs of suit.

Respectfully submitted,

WHITE, KOCH, KELLY & McCARTHY, P.A.

By: _____
JOHN F. McCARTHY, JR.
SUZANNE C. ODOM
Attorneys for Plaintiffs
Post Office Box 787
Santa Fe, New Mexico  87504-0787
(505) 982-4374

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing *"Plaintiff's Proposed Findings of Fact and Conclusions of Law"* was mailed via first-class mail, postage prepaid, to the following counsel of record on this 24th day of July, 2006.

Miguel Campos, Esq.
509 Roma, N.W.
Albuquerque, New Mexico  87102

_____
SUZANNE C. ODOM

JFM/LYON/TAPIA 8478-08/FINDINGS AND CONCLUSIONS