IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO




GARY J. LYON AND JEANNE G. LYON,

                  Plaintiffs,

vs.

                No. CIV 05-0548 MCA/WDS

ABE TAPIA, SR., as Trustee under the
El Picacho Revocable Living Trust Agreement
Dated September 28, 1998.

                  Defendant.

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Defendant Abe Tapia, Sr. by his attorney Miguel P. Campos and respectfully submits the following proposed Finding of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. In 1992 Plaintiffs herein filed a quiet title action in this court on a tract of land consisting of 87.754 acres which was a small part of a once large ranch known as the Forked Lightning Ranch.

2. That case was Case No. CIV 92-0434 JP styed Gary J. Lyon and Jeanne G. Lyon vs. Antonio C. Tapia and Emma Tapia.

3. During the courses of litigation of that case Anonio C. Tapia died before judgment was entered and the style of the case was amended to delete the name Anonio C. Tapia and left Emma Tapia as the sole defendant.

4. In that case the Honorable James Parker made a finding that defendant Emma Tapia proved by clear and convincing evidence all the elements of adverse possession of 40+/- acres of the 87.754 acre tract. The Court described the western boundary of the 40+/- acre tract

as a line bearing N 04 degrees 48' 01" W, a distance of 1360.18 feet, running from the southwest corner to the northwest corner of the 40+/- acre tract.

5. Lyons' title was quieted as to the remaining acres of the 87.754 acres not proved to belong to Emma Tapia by adverse possession or by acquiescence.

6. Plaintiffs then raised a claim for easement by necessity. The Court allowed the parties to negotiate a settlement as to Plaintiffs' access to the portion of land awarded to them. The Stipulation reached was deemed reasonable and appropriate as was approved by the Court.

7. Pursuant to the Stipulation approved and adopted by the Court (1) Plaintiffs were granted a 60' foot right-of-way easement along the eastern and northern boundaries of Emma Tapia's tract: (2) Lyons were to pay all costs to develop any road or ulitities they elected to construct in said right of way; and (3) the parties were to take all reasonable steps to have the right-of-way road, which was to be a public easement, dedication accepted by San Miguel County.

8. The Court further ruled that the western boundary of the Defendant's tract would be adjusted so that defendant would receive exactly forty acres net in land. Judge James Parker actually went to the sites of the land in question and walked the line so to speak and made his personal observations which were incorporated in his finding of fact.

9. The Court entered judgment in that case on October 4, 1994.

10. On or about May 1998 Emma Tapia transferred her interest in the 40+/- acre parcel to Emma Tapia as Trustee of the Emma Tapia Revocable Living Trust, and on or about September 29, 1998 Emma Tapia as Trustee of the Emma Tap[ia Revocable Living Trust for consideration paid, transferred the real property to Abe Tapia Sr. as Trustee under the El Picacho Revocable Trust Agreement.

11. On or about December 18, 1998, over four years after judgment had been entered, Plaintiffs Lyons filed in the CIV 92-0434 JP case a Motion to Amend the Judgment and on January 12, 1999 a Motion to Add or Substitute Defendant namely to add Abe Tapia Sr. as a party in that case. Lyons' objective was to amend the judgment to allow him to get out of the obligation to improve the 60' foot easement he had requested and had been granted by stipulation of the parties and approval of the Court and which was to be for public use as well.

12. Following hearing on Lyons' motions on February 16, 1999, the Court issued its order denying the motions for lack of jurisdiction.

13. The Stipulation or Judgment did not specify how the boundary between the two tracts would be adjusted.

14. The understanding of the parties was that the adjustment of the western boundary of the Tapia tract would be by establishing a new boundary parallel to the existing western boundary extended westerly to achieve the 40 acres net for the Tapia tract.

15. There is no ambiguity in the Stipulation or the 1994 judgment as to the granting of the 60' wide easement and the imposition on Plaintiff of the responsibility to improve the roadway easement and take all reasonable steps to dedicate said resulting roadway as a public road.

16. Plaintiffs have taken no steps over the past 11 years to give effect to the stipulation and judgment of the Court to improve the 60' wide easement and to have the roadway dedicated as a public road.

## CONCLUSIONS OF LAW

1. Given the lack of ambiguity in the 1994 judgment with respect to the granting of the easement, the provision therein granting the 60' wide easement and obligating Plaintiff to

improve the roadway and take necessary steps to dedicate it as a public road should not be altered and should be enforced.

2. Given further the long delay between the date of the 1994 judgment and now, a specific deadline should be set in which Plaintiffs should comply with said obligations.

3. While there is a lack of specificity there is no ambiguity or uncertainty as to the Court's intention to extend or adjust the western boundary of the Tapia Tract to achieve a 40 acre net track.

4. The interpretation by this Court, applying a logical and common sense approach, is that the western boundary should be shifted westward parallel to the existing western boundary.

5. Defendant should be awarded attorney fees and costs.

Respectfully Submitted,
LAW OFFICES OF MIGUEL P. CAMPOS

Miguel P. Campos
Attorney for Respondent
509 Roma Ave NW
Albuquerque, NM 87102
(505) 243-8656

I hereby certify that a true and correct copy
of the forgoing pleading was delivered by
fax to Plaintiff's counsel this 26 day
of July, 2006.

Miguel P. Campos

4